1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MARTINEZ, JR.,<br><br>Plaintiff<br><br>v.<br><br>BRUCE P. et al.,<br><br>Defendants | CASE NO. 1:22-CV-1134 AWI SKO<br><br>**ORDER ON DEFENDANTS MOTION TO QUASH OR DISMISS**<br><br>(Doc. Nos. 14, 15) |

This is a dispute between Plaintiff Antonio Martinez, Jr. ("Martinez"), who is appearing pro se, against his former employer Defendant Porterville Citrus, Inc. ("PCI") and managers/supervisors of PCI (collectively "Defendants"). This case was consolidated and merged with four other cases brought by Martinez. The active complaint is a unified First Amended Complaint ("FAC") in which Martinez contends that that the packing and labeling practices of PCI is deceptive and unlawful. Currently before the Court are Defendants' Rule 12(b)(5) motion to dismiss or quash and, in the alternative, Rule 12(b)(6) motion to dismiss. Martinez has filed no response or opposition to Defendants' motion, and the deadline for timely opposing has passed. For the reasons that follow, Defendants' Rule 12(b)(5) motion to quash will be granted and Martinez will be given another opportunity to properly effect service of the FAC and the summons.

1    *Procedural Background*

2    Between September 7, 2022, and September 22, 2022, Martinez filed five lawsuits against

3    Defendants.

4    On January 11, 2023, the Court consolidated and merged all five cases into this single

5    case.  See Doc. No. 12.  As part of the consolidation order, the Court required Martinez to file a

6    single unified complaint against all Defendants.  See id.  Additionally, the Court denied without

7    prejudice Rule 12(b)(5) motions that were pending in the five separate cases in light of the Court's

8    directive for Martinez to file a unified complaint.  See id.

9    On January 31, 2023, Martinez timely filed the FAC.  See Doc. No. 13.

10   On February 8, 2023, Martinez filed a document entitled "Proof of Service by Mail."  See

11   Doc. No. 14.  This document states that, on January 31, 2023, Martinez "served a copy of the

12   attached:  CASE: 1-22-cv-01134-awi-sko by placing a copy in a postage paid envelope address to

13   the person(s) hereinafter listed, by depositing said envelope in the United States Mail at 65 W.

14   Mill Ave., Pvill, CA 93257 CLERK 14 POSTAL SERVICE MAIL FIRST CLASS."[1]  Id.  Under a

15   section of the document that calls for the name and address of each defendant or attorney served,

16   Martinez listed Bruce P., Tony L., and Mario at 9289 Clemens Rd.  Id.  The document is signed by

17   Martinez under penalty of perjury.[2]  See id.

18   On February 21, 2023, Defendants filed this Rule 12(b)(5) motion to quash, and in the

19   alternative a Rule 12(b)(6) motion to dismiss.  See Doc. No. 15.

20   Plaintiff failed to file a response or opposition of any kind to Defendants' motion.

21   *Defendants' Argument*

22   Defendants argue that the docket does not show that they were served personally.

23   Although the certificate of service indicates that service was performed by mail, there is no

24   indication that Martinez included a standard form acknowledgement or that a signed

25   acknowledgment was returned by Defendants.  Without evidence concerning the acknowledgment,

26

27   [1] The Court takes judicial notice through the U.S. Post Office's website that this is the address of a U.S. Post Office in Porterville, California.  See Fed. R. Civ. P. 201; https://tools.usps.com/find-location.htm?location=1369597.

28   [2] The signature is not very clear.  However, comparing the signatures of Doc. No. 14 with the signature of the FAC, it appears that Martinez signed the proof of service.  Cf. Doc. No. 13 with Doc. No. 14.

2

1  service by mail was not effective.  Because service was not effective, the proof of service should

2  be quashed.

3         In the alternative, Defendants argue that dismissal under Rule 12(b)(6) is appropriate.  The

4  FAC is largely unintelligible and fails to state a plausible claim.  Further, there are no allegations

5  against Bruce Wileman or Tony Lombardi.  Therefore, if service is deemed effective, the FAC

6  should be dismissed.

7        *Plaintiff's Opposition*

8        Martinez has filed no opposition or response of any kind.

9        *Legal Standards*

10      1.    Rule 12(b)(5)

11        A Rule 12(b)(5) motion challenges the validity of the actual method or manner of service

12  of process.  See Chilicky v. Schweiker, 796 F.2d 1131, 1136 (9th Cir. 1986).[3]  Objections to the

13  validity of service of process must be specific and must point out in what manner the plaintiff has

14  failed to satisfy the requirements for proper service.  See O'Brien v. R.J. O'Brien & Assocs., 998

15  F.2d 1394, 1400 (7th Cir. 1993); Photolab Corp. v. Simplex Specialty Co., 806 F.2d 807, 810 (8th

16  Cir. 1986).  Once service of process is properly challenged, the plaintiff bears the ultimate burden

17  of showing that service was valid under Rule 4.  See Brockmeyer v. May, 383 F.3d 783, 801 (9th

18  Cir. 2004); Xie v. Sklover & Co., LLC, 260 F.Supp.3d 30, 38 (D. D.C. 2017); Koulkina v. City of

19  N.Y., 559 F.Supp.2d 300, 312 (S.D. N.Y. 2008).  Where a court determines that service of process

20  was defective, the court has broad discretion to either dismiss the suit or quash the defective

21  service and permit re-service.  See S.J. v Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293 (9th

22  Cir. 2006); Umbenhauer v. Woog, 969 F.2d 25, 30-31 (3d Cir. 1992).

23      2.    Rule 4(e) and 4(h)

24        Rule 4(e) identifies the methods of service upon an individual.  See Fed. R. Civ. P. 4(e).

25  The rule reads:

26      (e) Serving an Individual Within a Judicial District of the United States. Unless

27        federal law provides otherwise, an individual—other than a minor, an incompetent

28  [3] Reversed on other grounds, 487 U.S. 412 (1988).

person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Id.

Rule 4(h) identifies methods of service upon a business entity.  See Fed. R. Civ. P. 4(h).  The Rule reads in part:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>> (1) in a judicial district of the United States:
>>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;

Id.

A federal court cannot exercise personal jurisdiction over a defendant unless the defendant has been served in accordance with Rule 4.  Crowley v. Bannister, 734 F.3d 967, 974-75 (9th Cir. 2013); Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009).  Rule 4 is flexible and should be liberally construed so long as a party receives sufficient notice of the complaint.  Crowley, 734 F.3d at 975; Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986); Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982).  Nevertheless, "neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4."  Crowley, 734 F.3d at 975; Benny, 799 F.2d at 492; Jackson, 682 F.2d at 1347.

1    *Discussion*

2        The Court agrees with Defendants that there are significant problems with the proof of

3    service.  First, the proof of service does not indicate that the FAC and the summons were served

4    on the Defendants.  Instead, there is simply a reference to the case number.  Second, the proof of

5    service does not mention PCI, so there is no indication that the FAC and summons were served on

6    PCI in any fashion.  Third, service by mail is a permissible form of service under California law,

7    see Cal. Code Civ. P. § 415.30, and thus, Rule 4(e)(1) and 4(h)(1)(A).  See Barlow v. Ground, 39

8    F.3d 231, 234-35 (9th Cir. 1994).  Service by mail is deemed effective when the required

9    acknowledgment is returned by the defendant served.  See Cal. Code Civ. P. § 415.30(c); see also

10   Barlow, 39 F.3d at 234.  Here, however, there is no indication that Martinez included the required

11   acknowledgment and return postage, or that any Defendant returned the required

12   acknowledgment.  See Cal. Code Civ. P. § 415.30; see also Barlow, 39 F.3d at 234-35.  Therefore,

13   for all of these reasons, the proof of service filed by Martinez does not show effective service by

14   mail under § 415.30 and Rules 4(e)(1) and 4(h)(1).  Because Martinez has not demonstrated at

15   least substantial compliance with Rule 4, the Court will quash the certificate of service.

16        Because Martinez is proceeding pro se, he will be given an opportunity to properly reserve

17   Defendants under Rule 4.  The Court will not rule on Defendants' alternative Rule 12(b)(6)

18   motion at this time.  However, the Court will provide the standards applicable to Rule 12(b)(6) for

19   Martinez's benefit.  Again, because Martinez is proceeding pro se, if he determines that additional

20   allegations are necessary for him to state a plausible claim, then he may file a second amended

21   complaint and attempt to properly serve that complaint and a summons on all of the Defendants.[4]

22        The legal standard for evaluating a Rule 12(b)(6) motion is as follows:

23        Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

24   plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A

25

26   [4] The Court notes, however, that the precise statutory violation that Martinez is invoking is unclear and there do not
     appear to be any allegations against Bruce Wileman (who appears to be Defendant "Bruce P.") and Tony Lombardi
27   (who appears to be Defendant "Tony L.").  As the Rule 12(b)(6) standard explains, the factual allegations must
     plausibly demonstrate that each Defendant violated a federal statute, which Martinez should more specifically
28   identify.  Martinez is strongly encouraged to consider these observations, as well as the arguments raised by
     Defendants in their alternative Rule 12(b)(6) motion.

dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  See Yoshikawa v. Seguirant, 41 F.4th 1109, 1114 (9th Cir. 2022).  In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).  However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Benavidez, 993 F.3d at 1145.  The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013).  To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678; Armstrong v. Reynolds, 22 F.4th 1058, 1070 (9th Cir. 2022).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678; Miller v. Sawant, 18 F.4th 328, 336 (9th Cir. 2022).  Plaintiffs cannot "rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery."  Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1177 (9th Cir. 2021); see Mujica v. AirScan, Inc., 771 F.3d 580, 593 (9th Cir. 2014).  If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ."  Ebner v. Fresh, Inc., 838 F.3d 958, 962 (9th Cir. 2016).  However, leave to amend need not be granted if amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities.  Garmon v. County of L.A., 828 F.3d 837, 842 (9th Cir. 2016).

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.      Defendants' Rule 12(b)(5) motion to quash (Doc. No. 15) is GRANTED;

2.      Plaintiff's February 8, 2023 proof of service (Doc. No. 14) is QUASHED;

3.      Within thirty (30) days of service of this order, Martinez may file a second amended complaint;[5]

4.      Within sixty-five (65) days of service of this order, Plaintiff shall either:

      a.      Re-serve Defendants with the First Amended Complaint and summons if chooses not to file a second amended complaint; or

      b.      Serve Defendants with the Second Amended Complaint and summons if he chooses to file a second amended complaint; and

5.      The failure of Martinez to either timely re-serve the First Amended Complaint and summons, or serve the Second Amended Complaint and summons (as discussed above), or seek additional time to effectuate service by demonstrating good cause, may result in the issuance of an order to show cause why the case should not be dismissed violation of Federal Rule of Civil Procedure 4(m), failure to obey a court order, and/or failure to prosecute.

IT IS SO ORDERED.

Dated:   April 26, 2023

                     SENIOR  DISTRICT  JUDGE

---

[5] The Court advises Martinez that an amended complaint will supersede a prior complaint, and the prior complaint will be treated as a nullity.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).