1

2

3

4

5

6

7

8                            **UNITED STATES DISTRICT COURT**

9                            **EASTERN DISTRICT OF CALIFORNIA**

10

11   ANTONIO MARTINEZ, JR.,                 )   Case No.: 1:22-cv-01134 JLT SKO
                                            )
12          Plaintiff,                      )   ORDER TO PLAINTIFF TO SHOW CAUSE WHY
                                            )   CASE SHOULD NOT BE DISMISSED FOR
13      v.                                  )   FAILURE TO PROSECUTE AND FAILURE TO
                                            )   COMPLY WITH THE COURT'S ORDER
14   BRUCE P., et al.,                      )
                                            )
15          Defendants.                     )
                                            )
16   _____       )

17          On April 26, 2023, the Court granted Defendants' motion to quash Plaintiff's proof of service

18   and directed Plaintiff to re-serve his first amended complaint on Defendants or file and serve a second

19   amended complaint within 65 days. (*See* Doc. 21 at 6-7.) The Court cautioned Plaintiff that failure to

20   do so could result in the issuance of an order to show cause. (*Id*. at 7.) To date, Plaintiff has failed to

21   comply with the Court's order and the time to do so has passed.

22          The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

23   party to comply with . . . any order of the Court may be grounds for imposition by the Court of any

24   and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have

25   inherent power to control their dockets," and in exercising that power, a court may impose sanctions

26   including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

27   (9th Cir. 1986). A court may impose sanctions, including dismissal of an action with prejudice, based

28   on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with

                                              1

1  local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for

2  noncompliance with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

3  (affirming dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*,

4  856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rules);

5  *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for

6  failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)

7  (affirming dismissal for failure to prosecute and failure to comply with local rules).

8        Accordingly, **within 14 days** of the date of service of this order, Plaintiff **SHALL** show cause

9  in writing why the case should not be dismissed for failure to comply with the Court's order and

10  failure to prosecute. Alternatively, within 14 days, Plaintiff may voluntarily dismiss the action.

11  **Plaintiff is warned that failure to comply with this order may result in dismissal of the action**

12  **without prejudice for failure to prosecute and failure to obey a court order**.

13

14  IT IS SO ORDERED.

15     Dated:   **August 9, 2023**

16  UNITED STATES DISTRICT JUDGE

2