UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MARTINEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> BRUCE P., et al., <br><br> Defendants. | Case No.: 1:22-cv-01134 JLT SKO <br><br> ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER; DIRECTING CLERK OF COURT TO CLOSE THE CASE <br><br> (Docs. 13, 24) |

Antonio Martinez, Jr., proceeding *pro se*, seeks to hold Defendants liable for unlawful business practices. (Doc. 13.) Plaintiff failed to comply with the Court's order (Doc. 21), and his response to the Court's order to show cause is insufficient to cure this failure. (*See* Docs. 24, 25.) Accordingly, Plaintiff's complaint is **DISMISSED**.

**I.      Relevant Background**

Plaintiff brings this action against his former employer, Porterville Citrus, Inc., and managers/supervisors of PCI. The operative complaint is a unified First Amended Complaint in which Plaintiff contends that the packing and labeling practices of PCI are deceptive and unlawful. (Doc. 13.) On April 26, 2023, the Court granted Defendants' motion to quash Plaintiff's proof of service and directed Plaintiff to re-serve his FAC on Defendants or file and serve a Second Amended Complaint within 65 days. (*See* Doc. 21 at 6-7.) The Court cautioned Plaintiff that failure to do so could result in

1

the issuance of an order to show cause. (*Id*. at 7.) Plaintiff failed to comply with the Court's order and the Court issued an order to show cause why the case should not be dismissed on August 9, 2023. (Doc. 24.) Plaintiff filed a response on August 21, 2023. (Doc. 25.)

## II.     Failure to Prosecute and Failure to Obey a Court Order

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose sanctions, including dismissal of an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute and comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing sanctions for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (imposing sanctions for failure to prosecute and to comply with local rules).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A.     Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal"), *superseded by statute on other grounds*; *Ferdik*, 963 F.2d at 1261 (recognizing that

district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not, hold this case in abeyance based upon Plaintiff's failure to comply with the Court's order and failure to take action to continue prosecution in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward... disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, the Court finds that both the first and second factors weigh in favor of dismissal.

### B.   Prejudice to Defendants

To determine whether a defendant suffers prejudice, the Court must "examine whether the plaintiff's actions impair the ... ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Plaintiff has not taken any action to further his prosecution of the action, despite being ordered by the Court to do so. Moreover, his response does not address the identified failures.

The Court afforded Plaintiff an opportunity to effect service on Defendants within a generous timeframe and cautioned Plaintiff that an order to show cause may issue should he fail to comply with the Court's order. Contrary to the order, Plaintiff failed to re-serve his FAC or file and serve a SAC. In response to the Court's order to show cause following these failures, Plaintiff seems to discuss the submission of video evidence and requested a hearing to examine the same. (*See* Doc. 25.) This does not show cause for Plaintiff's failure to effect service on Defendants, who, after nearly a year, have failed to be properly served. In addition, the parties have spent time and resources filing motions to dismiss the case due to these continued failures. Delays have the inevitable and inherent risk that

evidence will become stale, or witnesses' memories will fade or be unavailable, all of which may prejudice a defendant. *See* Sibron v. New York, 392 U.S. 40, 57 (1968). Plaintiff's conduct has impeded progress in this matter and delayed the proceedings, prejudicing Defendants. Therefore, this factor weighs in favor of dismissal.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

Plaintiff submitted a brief response that failed to comply with the OSC because it failed to address the pertinent issues. The Court warned Plaintiff in the OSC that failure to comply with the order "may result in dismissal of the action without prejudice for failure to prosecute and failure to obey a court order." (Doc. 24 at 2.) Moreover, the Court informed Plaintiff at the outset of this action that failure to comply with the Federal Rules of Civil Procedure or the Local Rules of Court "may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default." (Doc. 3-2 at 5.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Accordingly, the warning to Plaintiff satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D. Public policy

Given Plaintiff's failure to prosecute the action and failure to comply with the Court's order, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133 n.2 (explaining that although "the public policy favoring disposition of cases on their merits ... weighs against dismissal, it is not sufficient to outweigh the other four factors").

**IV.  Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's First Amended Complaint (Doc. 13) is **DISMISSED** without prejudice against all Defendants for failure to obey a Court order and failure to prosecute this action.

2. The Clerk of Court is **DIRECTED** to close this action.

IT IS SO ORDERED.

Dated:   **August 24, 2023**

UNITED STATES DISTRICT JUDGE