UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO MARTINEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> BRUCE P., et al., <br><br> Defendants. | Case No.: 1:22-cv-01134 JLT SKO <br><br> ORDER DENYING MOTION TO REOPEN CASE <br><br> (Doc. 29) |

The Court entered judgment in this matter on August 24, 2023, following the Court's dismissal of Plaintiff's claims for failure to prosecute and failure to obey a court order. (*See* Docs. 26, 27, 28.) Plaintiff now moves to reopen the case. (Doc. 29.) Because the motion was filed within 28 days of the final judgment, the Court construes the motion as made pursuant to Federal Rule of Civil Procedure 59(e) to modify the judgment. For the reasons set forth below, the motion is **DENIED**.

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks, citation omitted) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v.*

1


*Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks omitted).

Plaintiff does not dispute the underlying facts and analysis concerning his failure to prosecute this action, which formed the basis of the Court's order. (*See generally* Doc. 26.) Rather, Plaintiff appears to challenge the vacated hearing on a prior motion filed by Defendants. The Court will briefly summarize the relevant events for ease of reference.

Defendants filed a motion to dismiss or, in the alternative, to quash service on the grounds that they had not been properly served with process in this action. (*See generally* Doc. 15.) The motion was initially noticed for hearing on April 12, 2023, before the assigned magistrate judge. (*See id*. at 1.) On February 22, 2023, the hearing was vacated and reset for April 17, 2023, before District Judge Anthony W. Ishii. (*See* Doc. 17.) Plaintiff subsequently failed to file a response or opposition of any kind to Defendants' motion. (*See* Doc. 18.) On April 12, 2023, the Court issued a minute order, deeming the motion suitable for decision without oral argument pursuant to Local Rule 230(g) and vacating the April 17, 2023 hearing on the matter. (Doc. 19.) On April 18, 2023, Plaintiff filed a response to the Court's minute order vacating the initial April 12, 2023 hearing date. (Docs. 17, 20.) He indicated that upon calling the Court on April 10, 2023, the clerk confirmed that the hearing date had been vacated and reset for April 17, 2023. (*See* Doc. 20 at 1.) Nonetheless, he appeared to request an explanation as to why no time was provided for the April 12, 2023 hearing. (*See id*.)[1]

Plaintiff's motion for reconsideration, now pending before the Court, raises these issues once again. Plaintiff repeats that he called the Court on April 10, 2023 to confirm the hearing on

---

[1] In addition to this issue becoming moot when a new hearing date and time were set in the Court's same minute order, Defendants' motion to dismiss did, in fact, notice the hearing for April 12, 2023, at 9:30 a.m. in Courtroom 7. (*See* Doc. 15 at 1.)

April 12, 2023[2] and the clerk informed him that the hearing had been vacated and reset for April 17, 2023. (*See* Doc. 29 at 1.) He continues that he was "at the courthouse" on April 17, 2023 and "they had Court on 4-[12]-23 instead of 4-17-23," arguing that these circumstances were "misleading," that the matter should have been investigated, and as such, that the resulting judgment was "wrongful." (*See id*. at 1-2.)

First, that Court was in session on April 12, 2023, is immaterial to the discussion. Plaintiff does not assert that the hearing took place on April 12, 2023, nor can he. As Plaintiff is well aware, the April 12, 2023 hearing date was vacated by minute order on February 22, 2023 and service by mail was effectuated the same day. (*See* Doc. 17.) Plaintiff acknowledged the vacated and reset dates in his response filed on April 18, 2023. (*See* Doc. 20.) While the Court appreciates that these events may have given rise to some confusion, it also appears that any necessary clarifications were made when Plaintiff spoke with the Clerk's office on April 10, 2023.

Moreover, it is unclear why, despite being informed that the April 17, 2023 hearing was also vacated, (*see* Docs. 19, 20), Plaintiff takes issue with the Court not conducting a hearing on that day. To the extent this is a challenge to the Court's decision to vacate the April 17, 2023 hearing, the argument is misplaced. Vacating hearings is a procedure utilized by this Court in the vast majority of civil motions before it, and it is entirely appropriate to do so. Pursuant to Local Rule 230, a civil motion "may be submitted upon the record and briefs on file if the parties stipulate thereto, *or if the Court so orders*." L.R. 230(g) (emphasis added). The local rules also plainly require Plaintiff to file a written response, which he failed to do. *See* L.R. 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."). Thus, the Court properly vacated the hearing on the matter.

In any event, the Court's later dismissal order was based on the fact that Plaintiff failed to properly serve the Defendants after the Court specifically instructed him to do so and warned him

---

[2] Plaintiff refers to a hearing on April 13, 2023, which is not a date relevant to this case. Thus, the Court assumes this reference was made in error and that Plaintiff intended the date reflect the initial hearing date, April 12, 2023.

that dismissal would result if he failed to comply with the Court's order. (Doc. 26.) Plaintiff's motion for reconsideration in no way attempts to address that reasoning. More specifically, Plaintiff fails to present any newly discovered evidence, show that the Court committed clear error, or argue an intervening change in controlling law that would necessitate alteration or amendment of the judgment. *Wood*, 759 F.3d at 1121. Rather, Plaintiff merely disputes the judgment based on the proper procedures of this Court, without acknowledging his failure to prosecute the matter. Accordingly, Plaintiff's motion to reopen the case, (Doc. 29), is **DENIED**. This action remains closed, and no further motions will be entertained.

IT IS SO ORDERED.

Dated: __**February 20, 2024**__                    _____
                                                                              UNITED STATES DISTRICT JUDGE

4